```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


EARNEST RICHARDSON                                        PLAINTIFF

VS.                             CIVIL ACTION NO. 5:09-167(DCB)(JMR)

WEST-WARD PHARMACEUTICALS, INC.;
MYLAN PHARMACEUTICALS, INC.;
AND MYLAN, INC.                                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) **(docket entry 7)** filed by defendants Mylan, Inc., and Mylan Pharmaceuticals, Inc. (collectively referred to as "Mylan"). Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Earnest Richardson ("Richardson") filed a Complaint in this action seeking compensatory and punitive damages for injuries allegedly caused by ingesting a combination of anti-seizure drugs designed, researched, manufactured, labeled, packaged, promoted, marketed and/or sold by the defendants. Complaint, ¶ 1. Specifically, the plaintiff claims that the drugs caused him to develop a debilitating skin disease known as Stevens-Johnson Syndrome ("SJS"), and other complications from developing SJS. Compliant, ¶¶ 2, 20.

The plaintiff's Complaint enumerates six separate claims for relief: (1) negligence; (2) strict product liability ("failure to

warn") under the Mississippi Product Liability Act ("MPLA"), Miss. Code Ann. §§ 11-1-63; (3) fraud; (4) breach of implied warranty; (5) unjust enrichment; and (6) punitive damages.  In its motion, Mylan seeks dismissal of claims (1), (3), (4), (5) and (6). Richardson concedes to dismissal of claim (5) (unjust enrichment). Defendant's Brief in Opposition, p. 8.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), Richardson must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007); Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009).  This does not require "detailed factual allegations" or "heightened fact pleadings of specifics." Twombly, 550 U.S. at 555, 570.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 555-56.  "[T]he Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."  Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a)(2),(3).  "Rule

2

8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3. As the Supreme Court has explained:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller [Fed. Prac. & Proc. Civ. (3d ed.)] § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

Id.

In addition, Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b).  Rule 9(b)'s "[p]leading standards demand 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029 (5th Cir. 2010)(quoting Iqbal,___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009)).  "Rule 9(b) imposes an additional burden on the plaintiff to detail facts and lay out 'the who, what, when, where, and how of a fraud.'"  Id. (quoting Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003)).

Mylan first challenges the viability of the plaintiff's negligence claim (claim no. 1) in light of the MPLA, citing Jowers v. BOC Group, Inc., 2009 WL 995613 *4 (S.D. Miss. April 14,

2009)(granting motion for summary judgment on plaintiff's common law negligence claims on alternative bases that they are abrogated by the MPLA, or are redundant of the plaintiff's MPLA claims).  As the Jowers opinion notes, "[t]he law addressing defendants' argument has been mixed."  Id. at *2 (discussing cases).

In McSwain v. Sunrise Medical, Inc., 689 F.Supp.2d 835, 846 (S.D. Miss. 2010), the court found that "the weight of the case law suggests that while negligence claims can be brought alongside strict liability claims, the findings for the claims brought under the MPLA can be dispositive as to the product-based negligence claims such as negligent failure to warn and negligent design." This Court concurs, and finds that while a negligence claim might be redundant in light of the MPLA, there is no clear indication that the Mississippi Supreme Court would find negligence claims abrogated by the statute.  See also Kerr v. Phillip Morris USA, Inc., 2010 WL 1177311 *2 (S.D. Miss. March 25, 2010)("The MPLA is not the exclusive remedy for a claim based on a defective product.")(citing cases).

"[M]otions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly." Perez v. University of North Texas, 2006 WL 2265509 *2 (E.D. Tex. Aug. 8, 2006)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Reeves v. City of Jackson, Mississippi, 532 F.2d 491 (5th Cir. 1976)).  In this case, Mylan has not demonstrated that the plaintiff's

4

negligence claim is obviously insufficient.  The case law is far from clear that Richardson's negligence claim is abrogated by the MPLA.  The motion to dismiss shall therefore be denied as to the negligence claim.  The defendants have available to them sufficient procedures to seek summary disposition of the negligence claim once the plaintiff has been afforded the opportunity to conduct discovery and develop the factual record.  See Reeves, 532 F.2d at 494.

Mylan next challenges the sufficiency of the plaintiff's allegations of fraud (claim no. 3).  Under Mississippi law, fraud requires proof of the following elements by clear and convincing evidence:  (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.  Levens v. Campbell, 733 So.2d 753, 761-62 (Miss. 1999).

Richardson alleges that Mylan knew or should have known of the connection between its product "Phenytoin Sodium" and "serious skin reactions, exfoliative dermatitis, erythema multiforme, Stevens-Johnson Syndrome, toxic epidermal necrolysis, and other injuries, as previously alleged herein."  Complaint, ¶¶ 48, 50-52.  He further maintains that despite such knowledge, Mylan represented

5

that Phenytoin Sodium was safe when used as intended, and concealed material facts from consumers, including the plaintiff, and prescribing physicians. Complaint, ¶ 50. Richardson also asserts that he was prescribed and took Mylan's product in reliance upon its misrepresentations and the absence of sufficient disclosure of serious health risks, and as a result thereof he suffered injury. Complaint, ¶¶ 54-56. Further, the plaintiff states that had he known of the risks associated with Mylan's product, he would not have taken Phenytoin Sodium. Complaint, ¶ 54. These allegations sufficiently identify the "who, what, when, where and how" of the alleged fraud and permit a meaningful response by Mylan. The motion to dismiss as to the plaintiff's fraud claim shall be denied.

Next, Mylan claims that the plaintiff's breach of implied warranty claim (claim no. 4) lacks sufficient description of "how Mylan's phenytoin product fails to meet the merchantability requirements," and simply pleads "that the product is not merchantable." In response, the plaintiff asserts that his Complaint, in paragraphs 62 and 63, refers to Mylan's "wrongful conduct as alleged herein," which includes allegations of inadequate labeling, as the basis for his breach of implied warranty claim. Since inadequate labeling is one of the enumerated bases for an implied warranty claim set forth in Miss. Code Ann. § 75-2-314(1)(e),(f), the Court finds that the motion to dismiss is

not well taken as to this claim.

Finally, Mylan asserts that the plaintiff's punitive damages claim (claim no. 6) fails for lack of specificity. Under Mississippi law, the standard for punitive damages "in any action," including those under the MPLA, is as follows:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code Ann. § 11-1-65(1)(a). The plaintiff alleges that Mylan had access to information indicating that its product posed serious health hazards of the kind plaintiff suffered, but failed to take adequate steps to warn of those hazards, and may have affirmatively misrepresented the extent of those hazards. The plaintiff further alleges that Mylan intentionally proceeded with the manufacturing, sale and marketing of Phenytoin Sodium, knowing that consumers would be exposed to serious potential danger, and that such conduct was wanton, willful, and displayed a conscious disregard for the safety of the public, in particular the plaintiff. Complaint, ¶¶ 24-25, 72-77. Such accusations, if found to be true, could support an award of punitive damages. The motion to dismiss the plaintiff's punitive damages claim shall be denied. Accordingly,

IT IS HEREBY ORDERED that the Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) **(docket entry 7)** filed by defendants Mylan, Inc., and Mylan Pharmaceuticals, Inc., is GRANTED IN PART

AND DENIED IN PART as follows:

   GRANTED as to the plaintiff's unjust enrichment claim;

   DENIED as to the plaintiff's claims for negligence, fraud, breach of implied warranty, and punitive damages.

   SO ORDERED, this the 28th day of September, 2010.


                                   /s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE